# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CADDO NATION OF OKLAHOMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CIV-16-0559-HE |
| ) | |
| WICHITA AND AFFILIATED TRIBES, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Caddo Nation of Oklahoma filed this suit seeking to prevent the construction of the Wichita Tribal History Center (the "History Center") by defendant Wichita and Affiliated Tribes ("Wichita Tribe"). The Caddo Nation sought a declaration that defendants had violated the National Historical Preservation Act ("NHPA") and the National Environmental Policy Act ("NEPA") and also sought injunctive relief barring construction of the Center. Plaintiff sought a temporary restraining order halting the construction efforts, which the court granted. The court later vacated the TRO and denied plaintiff's motion for a preliminary injunction. Plaintiff filed an interlocutory appeal from that decision, but did not seek an injunction to stay the decision during the appeal. While the appeal was pending, the Wichita Tribe resumed construction of the History Center and the center was eventually completed. Due to that fact, the Court of Appeals concluded the relief sought by plaintiff was moot and dismissed the appeal. The case was remanded for further proceedings here. Caddo Nation of Oklahoma v. Wichita and Affiliated Tribes, 877 F.3d 1171 (10th Cir. 2017).

Plaintiff has since filed an amended complaint asserting multiple claims: (1) an Administrative Procedures Act ("APA") claim asserting violation of the NHPA due to failure to engage in good faith consultations with plaintiff; (2) an APA claim asserting violation of NEPA due to failure to consider reasonable alternatives to their plans and due to failure to provide meaningful public notice of the Environmental Assessment and of the Finding of No Significant Impact; (3) unjust enrichment claims against the individual defendants, in their individual capacities; and (4) what plaintiff describes as an "equitable estoppel" claim, seeking to prevent any further actions by the Wichita Tribe to develop or conduct operations on the disputed property. The claims arise out of a broader dispute over ownership of the property on which the History Center was constructed and over whether the Wichita Tribe took appropriate steps to protect what plaintiff suggests may be the remains of Caddo ancestors and related funerary objects.[1]

Defendants have moved to dismiss the amended complaint. The motion asserts the court lacks subject matter jurisdiction over the dispute by reason of tribal sovereign immunity. It also contends plaintiff's federal claims fail to present an actual case or controversy for the court to resolve, that the various claims are barred by applicable statutes of limitation, and that plaintiff has failed to join indispensable parties who cannot be joined.

---

[1] *A more complete description of the factual background is set out in the Tenth Circuit's decision and in this court's May 31, 2016, order [Doc. # 27].*

**Subject matter jurisdiction**

Defendants contend that plaintiff's claims are barred by the doctrine of tribal sovereign immunity. Tribal sovereign immunity is a matter of subject matter jurisdiction, Miner Electric, Inc. v. Muscogee (Creek) Nation, 505 F.3d 1007, 1009 (10th Cir. 2007), hence the court addresses the jurisdictional issue first.

As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity. Kiowa Tribe of Oklahoma v. Mfg Techs., Inc., 523 U.S. 751, 754 (1998). With respect to plaintiff's APA claims based on violation of the NEPA and the NHPA, the court concludes Congress has authorized the suit and that tribal sovereign immunity does not deprive the court of subject matter jurisdiction over the claims.

The parties' submissions indicate that the History Center was funded using an Indian Community Development Block Grant ("ICDBG") from the U. S. Department of Housing and Urban Development ("HUD"). Doc. Nos. 60-1; 60-5, p. 8. In the handling of such funding requests, the HUD Secretary is empowered to "delegate any of his functions, powers, and duties . . . as he may deem desirable." 42 U.S.C. § 3535(d). As to ICDBG grants, "the Secretary, in lieu of the environmental protection procedures otherwise applicable, may under regulations provide for the release of funds for particular projects to recipients of assistance under this chapter who assume all of the responsibilities for environmental review, decisionmaking, and action pursuant to" NEPA. 42 U.S.C. § 5304(g)(1); *see also*, 24 C.F.R. § 1003.605(a) ("In order to assure that the policies of [NEPA] and other provisions of Federal law . . . (as specified in 24 CFR 58.5) are most

effectively implemented in connection with the expenditure of ICDBG funds, the grantee shall comply with the Environment Review Procedures for Entities Assuming HUD Environmental Responsibilities (24 CFR part 58)"). The delegation option thus also requires compliance with the NHPA. 24 C.F.R. § 58.5(a)(1). Here, the Secretary delegated the pertinent reviews and compliance determinations under both NEPA and NHPA to the Wichita Tribe, and the Tribe certified compliance with both. Doc. # 60-1.

Where the recipient tribe assumes the pertinent regulatory responsibilities, it must must "specify that the certifying officer (i) consents to assume the status of a responsible Federal official under [NEPA or NHPA] . . . and (ii) is authorized and consents on behalf of the recipient of assistance . . . to accept the jurisdiction of the Federal courts for the purpose of enforcement of his responsibilities as such an official." *Id.* at § 5304(g)(3)(D). It is undisputed that the Wichita Tribe assumed the responsibilities at issue and that defendant Parton, on behalf of the Wichita and Affiliated Tribes, requested the release of funds and consented to federal court jurisdiction with respect to the History Center project. Doc. # 60-1, p. 11. Having invoked the congressionally authorized procedure for assumption of NEPA/NHPA regulatory determinations, the Wichita Tribe is bound by the legal consequences, including being subject to suit in federal court, that go with it. Sovereign immunity therefore does not prevent the court's consideration of the APA claims based on NEPA and NHPA.

The court concludes otherwise as to the other claims asserted by plaintiff. The state law claims for unjust enrichment and equitable estoppel, as well as any claims based on the state of legal title to the property in question, are outside the scope of the immunity

4

waiver applicable to the NEPA and NHPA claims, and plaintiffs have not pointed to any other Congressional abrogation of immunity as to such claims. Absent such action by Congress, suits based on such claims are barred by sovereign immunity absent a "clear waiver by the tribe." Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla., 498 U.S. 505, 509 (1991). There is no suggestion here of such a waiver as to the state law claims. Further, plaintiff's submissions provide no basis for concluding that the actions of the individual defendants were other than within the scope of their activities and authority as officers of the Wichita Tribe, and sovereign immunity therefore bars the claims against them as well.[2] The result is that sovereign immunity bars all of plaintiff's claims other than the NEPA/NHPA claims under the APA referenced above, and the court therefore lacks subject matter jurisdiction over them.

**Mootness of the NHPA/APA and NEPA/APA Claims**

Defendants contend the NHPA and NEPA claims are moot due to the completion of the construction of the History Center. The court concludes the position is well taken.

As the Court of Appeals noted in its decision in this case, NEPA and NHPA claims ordinarily "'no longer present[] a live controversy when the proposed action has been completed and when no effective relief is available.'" Caddo Nation, 877 F.3d at 1177-78 (quoting Airport Neighbors All., Inc. v. United States, 90 F.3d 426, 428 (10th Cir 1996). It is undisputed that the History Center has been completed during the pendency of this

---

[2] *Tribal sovereign immunity extends "to its tribal officers 'so long as they are acting within the scope of their official capacities."* Sanders v. Anoatubby, *631 Fed. Appx. 618, 621 (10th Cir. 2015) (quoting* Crowe & Cunlevy, P.C. v. Stidham, *640 F.3d 1140, 1154 (10th Cir. 2011)).*

5

case. The injunctive relief sought by plaintiff—preventing "further construction and development" as to the History Center—is therefore unavailable.[3] Further, a declaration as to the propriety of past actions taken would be pointless, as the project to which the various regulatory determinations were directed, the History Center, is completed.

Plaintiff argues the case is not moot because this court could yet order some relief. It relies on the suggestion of the Court of Appeals that completion of the History Center would not necessarily preclude a remedy under NEPA if "the court can provide some remedy if it determines that an agency failed to comply with NEPA." Airport Neighbors All., Inc., 90 F.3d at 428-29. However, the "remedy" which plaintiff urges is essentially that this court direct the parties to <u>discuss</u> tearing down the building—that defendants "be ordered to initiate and conduct good faith consultations with the Plaintiff and other interested parties in order to consider relocation of said History Center." Doc. # 60, p. 58. The court concludes such a suggestion does not constitute a "remedy" or "other relief" within the meaning of the mootness inquiry. If directing the parties to a controversy to "discuss it" is "other relief," then no dispute would ever be moot because a court would always have that option available. That is plainly inconsistent with the existence and nature of the mootness doctrine. Further, the parties' submissions make clear that plaintiff already had the opportunity to discuss the History Center project with defendants prior to the start

---

[3] *To the extent that plaintiff seeks injunctive relief barring construction or development on <u>other</u> parts of the 20 acre tract, or on the larger tract claimed by the Wichita Tribe, the request is outside the scope of the NEPA and NHPA determinations that are the subject of the APA claims presented here. Further, claims based on speculation as to what defendant might due in the future are unripe for judicial resolution.*

6

of the NEPA and NHPA evaluation process, and have had multiple discussions during the course of this case. Requiring some further discussion would be pointless.

In short, the completion of the History Center renders plaintiff's NHPA/APA and NEPA/APA claims moot, and there is no meaningful relief available which the court could order. As a result, no live case or controversy remains before the court and the case must be dismissed.

Accordingly, defendants' Motion to Dismiss [Doc. # 63] is **GRANTED**. This case is **DISMISSED.**

**IT IS SO ORDERED**.

Dated this 9th day of July, 2018.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE